**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MARK SAGE,

     Plaintiff,

                              Case No:

  v.

STRADA SERVICES, LLC,

     Defendant.

_____.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK SAGE, by and through the undersigned counsel, herein sues the Defendant, STRADA SERVICES, LLC (Defendant) pursuant to 29 U.S.C. Section 201 *et seq.* of the Fair Labor Standards Act and for unpaid commissions and states as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff, MARK SAGE (Plaintiff), brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201*, et seq.,* (FLSA).  Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

2.     The FLSA is our nation's foremost wage law.  The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to

compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

3.    Throughout Plaintiff's employment with the Defendant he was required to work in excess of forty (40) hours per week in order to complete his job duties and did so but without any additional payment or premium for overtime hours.

4.    Pursuant to policy and plan, Defendant failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

5.    The Defendant should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek.

6.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## PARTIES, JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq.*

8.    This Court has personal jurisdiction over this action because the

damages at issue occurred in Lake County, Florida.

9. Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

10. At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

11. Defendant STRADA SERVICES, LLC is a Foreign Limited Liability Company.

12. Defendant may be served through its registered agent REGISTERED AGENTS INC., 7901 4TH ST N., SUITE 300, ST. PETERSBURG, FL 33702.

13. Defendant is a provider of HVAC, electrical, security, and plumbing services.

14. The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendant, as it engages in interstate commerce under the definition of the FLSA and has annual gross revenues of more than $500,000.00 over the past 3 years.

15. Defendant should be well aware that the FLSA requires the regular rate of pay calculation to include not only the base salary, but the bonuses and commissions in the calculation; thus the overtime rates of the Plaintiff must be based upon not just the base salary, but the commissions and bonuses as well.

16. All conditions precedent to the filing of this action have been performed.

## FACTUAL BACKGROUND

17. Plaintiff was employed by Defendant as a Warehouse Supervisor from July 2022 to March 2023 and again from October 2023 to the present.

18. Plaintiff was employed by Defendant as a Warehouse Manager from March 2023 to October 2023.

19. Plaintiff worked at Defendant's warehouse located at 2250 Ray Goodgame Parkway, Clermont, FL in Lake County, Florida from 2022 to July 30, 2024. From July 30, 2024 to the present, Plaintiff works at Defendant's warehouse located at 28220 County Road 561, Tavares, FL in Lake County, Florida.

20. Plaintiff's job duties as a Warehouse Supervisor was part of production and to ensure that all jobs were ready to go and was also involved in shipping and receiving parts.

21. All of Plaintiff's job duties as a Warehouse Supervisor were routine and standardized, and according to set procedures as created by Defendant.

22. As a Warehouse Supervisor, Plaintiff did not fire employees or hire employees.

23. As a Warehouse Supervisor Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

24. Plaintiff routinely worked in excess of 40 hours per week throughout his employment with Defendant.

25. Defendant paid Plaintiff on a salary basis, except for one week in 2023 where Defendant switched Plaintiff to an hourly basis.

26.     Defendant has made improper deductions from Plaintiff's salary by deducting a full day of pay from Plaintiff's salary on days where he worked less than a full day.

27.     From 2022 to 2024, Defendant did not track and record the work hours of Plaintiff other than for one week in 2023 and even in that week, Plaintiff's hours were not accurately recorded.

28.     Despite regularly working in excess of 40 hours per week during his employment with Defendant, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

29.     Defendant did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff and his position as a Warehouse Supervisor as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

30.     Effective January 1, 2025, Defendant reclassified Plaintiff's position of Warehouse Supervisor as salary non-exempt while the primary job responsibilities and core expectations remained the same.

31.     Defendant did not agree to or offer to pay Plaintiff for all his previously worked unpaid overtime hours.

32.     Beginning in January 2025, per Defendant's direction, Plaintiff began

reporting his hours worked to his manager, which included reporting overtime hours.

33.    Despite being re-classified as non-exempt and Plaintiff reporting overtime hours worked as of January 1, 2025, Defendant has still not paid Plaintiff overtime compensation.

34.    Plaintiff's job position was subject to the FLSA wage provisions.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

35.    Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

36.    Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

37.    The Defendant is Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

38.    The overtime wage provision set forth in FLSA Section 207 applies to Defendant as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000.00 annually.

39.    Throughout Plaintiff's employment with Defendant, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

40.    As a Warehouse Supervisor Plaintiff did not exercise the requisite

discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

41.     As a Warehouse Supervisor Plaintiff did not "manage" a department or manage other employees.

42.     Defendant is aware or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

43.     Defendant knew that since Plaintiff as a Warehouse Supervisor did not manage two or more full time employees, did not have decision making authority and discretion, and did not hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

44.     Effective January 1, 2025, Defendant reclassified Plaintiff's position of Warehouse Supervisor as salary non-exempt while the primary job responsibilities and core expectations remained the same.

45.     Defendant has thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

46.     During the relevant time period, Defendant required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime.  Defendant was aware Plaintiff was working

over 40 hours routinely to perform his job duties.

47.     Defendant knowingly and willingly failed to pay Plaintiff when he worked as a Warehouse Supervisor proper overtime wages at a rate of time and one half his regular rate of pay, or alternatively a half time premium of his regular rate of pay for all such overtime hours, for the purposes of decreasing labor costs and maximizing profitability.

48.     For any period of time it is determined that Defendant did not pay Plaintiff on a salary basis, no exemption would apply and during this timeframe, Defendant failed to pay Plaintiff proper overtime wages at a rate of time and one half his regular rate of pay, or alternatively a half time premium of his regular rate of pay for all such overtime hours,

49.     Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant in some manner or form.  If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

50.     As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

51.     Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**WHEREFORE**, Plaintiff, MARK SAGE, demands judgment against Defendant for overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated February 14,  2025.

Respectfully submitted by,

*/s/Mitchell Feldman.*
Mitchell Feldman, Esq.
**Feldman Legal Group**
12610 Race Track Road, Suite 225
Tampa, FL 33626
mfeldman@flandgatrialattorneys.com
tel 813 639-9366, fax: 813 639-9376
*Lead Counsel for Plaintiff*