## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

MARK SAGE,

             Plaintiff,

v.

STRADA SERVICES, LLC,

             Defendant.

Case No.: 5:25-cv-00115

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Strada Services, LLC (hereinafter "Strada" or "Defendant"), respectfully submits the following Answer and Affirmative Defenses to Plaintiff Mark Sage's Complaint as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, MARK SAGE (Plaintiff), brings this action for violation of federal wage and hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.,* (FLSA). Plaintiff alleges that he is entitled to unpaid overtime wages, as required by 29 U.S.C. Section 207.

**ANSWER**: Defendant admits that Plaintiff brings this action against Defendant, for alleged violation of federal wage hour laws pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.,* (FLSA).  Except as specifically admitted,

Defendant denies each and every remaining allegation in Paragraph 1 of the Complaint and further denies that Plaintiff is entitled to any damages or other relief whatsoever.

2.     The FLSA is our nation's foremost wage law. The overtime requirements of the FLSA were meant to apply financial pressure to spread employment to avoid the extra wage and to assure workers additional pay to compensate them for the burden of a work week beyond the hours fixed in the act. *See In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. N.Y. 2010). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. § 213.

**ANSWER:** Paragraph 2 of the Complaint is Plaintiff's interpretation of the purpose of the  Fair Labor Standards Act to which no response is required.  To the extent a response is required, Defendant denies any allegations that are inconsistent with the text of the case law and statute cited and denies Plaintiff is entitled to any damages or other relief whatsoever.

3.     Throughout Plaintiff's employment with the Defendant he was required to work in excess of forty (40) hours per week in order to complete his job duties and did so but without any additional payment or premium for overtime hours.

**ANSWER:** Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Pursuant to policy and plan, Defendant failed to pay Plaintiff a premium for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

**ANSWER:** Defendant denies the allegations in Paragraph 4 of the Complaint.

5. The Defendant should have, but did not, compensate Plaintiff for all overtime hours worked in excess of forty (40) hours per workweek.

**ANSWER:** Defendant denies the allegations in Paragraph 5 of the Complaint.

6. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

**ANSWER:** Paragraph 6 of the Complaint contains legal argument and Plaintiff's reservation of rights rather than factual allegations, thus no response is required. To the extend a response is required, Defendant denies each and every allegation in Paragraph 6 of the Complaint and denies Plaintiff is entitled to any damages or other relief whatsoever.

## PARTIES, JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. Section 1331, because this action involves a Federal Statute, 29 U.S.C. Section 201, *et seq.*

-3-

**ANSWER**: Defendant admits this Court has subject matter jurisdiction over Plaintiff's Complaint. Defendant denies any remaining allegations in Paragraph 7 of the Complaint and denies Plaintiff is entitled to any damages or other relief whatsoever.

8.      This Court has personal jurisdiction over this action because the damages at issue occurred in Lake County, Florida.

**ANSWER:** Defendant admits that this Court has personal jurisdiction over the parties in this action. Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 8 of the Complaint, and further denies that Plaintiff has suffered damages or is entitled to any damages or other relief whatsoever.

9.      Venue is proper to this Court pursuant to 29 U.S.C. Section 216(b).

**ANSWER:** Defendant admits venue is proper before this Court.  Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 9 of the Complaint, and further denies that Plaintiff has suffered damages or is entitled to any damages or other relief whatsoever.

10.     At all times relevant to this action, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

**ANSWER:** Defendant admits that Plaintiff was an employee of Defendant. Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 10 of the Complaint.

11.   Defendant STRADA SERVICES, LLC is a Foreign Limited Liability Company.

**ANSWER:** Defendant admits the allegations in Paragraph 11 of the Complaint.

12.   Defendant may be served through its registered agent REGISTERED AGENTS INC., 7901 4TH ST N., SUITE 300, ST. PETERSBURG, FL 33702.

**ANSWER:** Defendant admits the allegations in Paragraph 12 of the Complaint.

13.   Defendant is a provider of HVAC, electrical, security, and plumbing services.

**ANSWER**: Defendant admits the allegations in Paragraph 13 of the Complaint.

14.   The overtime wage provisions set forth in 29 U.S.C. Section 207 applies to the Defendant, as it engages in interstate commerce under the definition of the FLSA and has annual gross revenues of more than $500,000.00 over the past 3 years.

**ANSWER:** Paragraph 14 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that it has had revenues greater than $500,000.00 annually over the past three years and is

engaged in interstate commerce. Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 14 of the Complaint.

15.     Defendant should be well aware that the FLSA requires the regular rate of pay calculation to include not only the base salary, but the bonuses and commissions in the calculation; thus the overtime rates of the Plaintiff must be based upon not just the base salary, but the commissions and bonuses as well.

**ANSWER:** The allegations in Paragraph 15 constitute the opinions and legal conclusions of Plaintiff, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 15 of the Complaint.

16.     All conditions precedent to the filing of this action have been performed.

**ANSWER:** Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

## FACTUAL BACKGROUND

17.     Plaintiff was employed by Defendant as a Warehouse Supervisor from July 2022 to March 2023 and again from October 2023 to the present.

**ANSWER:** Defendant admits that Plaintiff worked as a Warehouse Supervisor for Defendant. Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 17 of the Complaint.

18.    Plaintiff was employed by Defendant as a Warehouse Manager from March 2023 to October 2023.

**ANSWER:** Defendant admits that Plaintiff worked as a Warehouse Manager for Defendant. Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 18 of the Complaint.

19.    Plaintiff worked at Defendant's warehouse located at 2250 Ray Goodgame Parkway, Clermont, FL in Lake County, Florida from 2022 to July 30, 2024. From July 30, 2024 to the present, Plaintiff works at Defendant's warehouse located at 28220 County Road 561, Tavares, FL in Lake County, Florida.

**ANSWER:** Defendant admits the allegations in Paragraph 19 of the Complaint.

20.    Plaintiff's job duties as a Warehouse Supervisor was part of production and to ensure that all jobs were ready to go and was also involved in shipping and receiving parts.

**ANSWER:** Defendant admits that some Plaintiff's responsibilities as a Warehouse Supervisor involved the shipping and receiving of parts, among other duties.  Except as specifically admitted, Defendant denies each and every remaining allegation in Paragraph 20 of the Complaint.

21.    All of Plaintiff's job duties as a Warehouse Supervisor were routine and standardized, and according to set procedures as created by Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    As a Warehouse Supervisor, Plaintiff did not fire employees or hire employees.

**ANSWER:** Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    As a Warehouse Supervisor Plaintiff did not supervise 2 or more full time employees as contemplated by the FLSA and executive exemption.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of the Complaint.

24.    Plaintiff routinely worked in excess of 40 hours per week throughout his employment with Defendant.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of the Complaint.

25.    Defendant paid Plaintiff on a salary basis, except for one week in 2023 where Defendant switched Plaintiff to an hourly basis.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of the Complaint.

26.    Defendant has made improper deductions from Plaintiff's salary by deducting a full day of pay from Plaintiff's salary on days where he worked less than a full day.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of the Complaint.

27.    From 2022 to 2024, Defendant did not track and record the work hours of Plaintiff other than for one week in 2023 and even in that week, Plaintiff's hours were not accurately recorded.

**ANSWER:** Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Despite regularly working in excess of 40 hours per week during his employment with Defendant, Plaintiff was never paid an overtime premium of any amount, either half time or a one and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. Section 207(a)(1).

**ANSWER:** Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant did not have reasonable grounds or a good faith basis under the FLSA to classify Plaintiff and his position as a Warehouse Supervisor as exempt from overtime pay or to claim that Plaintiff's position fell within any of the exemptions to the overtime provisions of the FLSA.

**ANSWER**: Defendant denies the allegations in Paragraph 29 of the Complaint.

30.     Effective January 1, 2025, Defendant reclassified Plaintiff's position of Warehouse Supervisor as salary non-exempt while the primary job responsibilities and core expectations remained the same.

**ANSWER:** Defendant denies Plaintiff was entitled to overtime pay.  Defendant denies any remaining  allegations in Paragraph 30 of the Complaint.

31.     Defendant did not agree to or offer to pay Plaintiff for all his previously worked unpaid overtime hours.

**ANSWER:** Defendant denies Plaintiff was entitled to overtime pay.  Defendant denies any remaining  allegations in Paragraph 31 of the Complaint.

32.    Beginning in January 2025, per Defendant's direction, Plaintiff began reporting his hours worked to his manager, which included reporting overtime hours.

**ANSWER:**  Defendant denies the allegations in Paragraph 32 of the Complaint.

33.    Despite being re-classified as non-exempt and Plaintiff reporting overtime hours worked as of January 1, 2025, Defendant has still not paid Plaintiff overtime compensation.

**ANSWER:** Defendant the allegations in Paragraph 33 of the Complaint.

34.    Plaintiff's job position was subject to the FLSA wage provisions.

**ANSWER:** Paragraph 34 of the Complaint are so vague and ambiguous that Defendant cannot reasonably determine the nature of the allegations to formulate a response and appears to assert a legal conclusion to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 34 of the Complaint.

## COUNT I
## Failure to Pay Overtime Compensation in Violation of the FLSA
## 29 U.S.C. § 201, *et seq.*

35.    Plaintiff adopts and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

**ANSWER:** Defendant incorporates its responses to Paragraphs 1 through 34 as if incorporated herein.

36.     Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. Section 203(e)(1).

**ANSWER**: Defendant admits that Plaintiff was an employee.

37.     The Defendant is Plaintiff's "employer" within the meaning of 29 U.S.C. Section 203(d).

**ANSWER:** Defendant admits that it is the employer of Plaintiff.

38.     The overtime wage provision set forth in FLSA Section 207 applies to Defendant as it has engaged in commerce under the definition of the FLSA and has revenues of greater than $500,000.00 annually.

**ANSWER:** Defendant admits the allegations in Paragraph 38 of the Complaint.

39.     Throughout Plaintiff's employment with Defendant, he was not paid overtime compensation for all hours worked in excess of forty (40) per week.

**ANSWER:** Defendant denies Plaintiff was entitled to overtime pay.  Defendant denies any remaining  allegations in Paragraph 39 of the Complaint.

40.     As a Warehouse Supervisor Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance to be classified as exempt under the FLSA.

**ANSWER:** Defendant denies Plaintiff was entitled to overtime pay.  Defendant denies any remaining  allegations in Paragraph 40 of the Complaint.

41.     As a Warehouse Supervisor Plaintiff did not "manage" a department or manage other employees.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant is aware or should have been aware of the FLSA overtime rate calculations, its provisions and exemptions, and knows, or should have known, that withholding overtime wages from Plaintiff constituted a willful violation of the FLSA.

**ANSWER:** The allegations in Paragraph 42 constitute the opinions and legal conclusions of Plaintiff, to which no response is required.  To the extent a response is required, Defendant denies each and every allegation in Paragraph 42 of the Complaint.

43.     Defendant knew that since Plaintiff as a Warehouse Supervisor did not manage two or more full time employees, did not have decision making authority and discretion, and did not hire, fire or have discretion to discipline employees that he was a non-exempt employee and should have been paid overtime wages.

**ANSWER:** Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Effective January 1, 2025, Defendant reclassified Plaintiff's position of Warehouse Supervisor as salary non-exempt while the primary job responsibilities and core expectations remained the same.

**ANSWER:** Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant has thus willfully and intentionally engaged in a pattern and practice of violating the overtime provisions of the FLSA by refusing to pay overtime wages to Plaintiff for all hours worked in excess of forty (40) per week.

**ANSWER:** Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     During the relevant time period, Defendant required Plaintiff, an employee under the FLSA, to regularly work in excess of forty (40) hours in a work week without payment of overtime. Defendant was aware Plaintiff was working over 40 hours routinely to perform his job duties.

**ANSWER:** Defendant denies Plaintiff was entitled to overtime pay. Defendant denies any remaining allegations in Paragraph 46 of the Complaint.

47.     Defendant knowingly and willingly failed to pay Plaintiff when he worked as a Warehouse Supervisor proper overtime wages at a rate of time and one half his regular rate of pay, or alternatively a half time premium of his regular rate of pay for all such overtime hours, for the purposes of decreasing labor costs and maximizing profitability.

**ANSWER:** Defendant denies Plaintiff was entitled to overtime pay. Defendant denies any remaining allegations in Paragraph 47 of the Complaint.

48.     For any period of time it is determined that Defendant did not pay Plaintiff on a salary basis, no exemption would apply and during this timeframe, Defendant failed to pay Plaintiff proper overtime wages at a rate of time and one

half his regular rate of pay, or alternatively a half time premium of his regular rate of pay for all such overtime hours.

**ANSWER:**    The allegations in this paragraph are vague and confusing and Defendant is unable to form a response thereto.   In the alternative, Defendant denies it ever failed to pay Plaintiff in accordance with applicable law, and further denies Plaintiff was entitled to receive overtime pay.    Defendant denies all remaining allegations contained in Paragraph 48 and denies that Plaintiff has suffered damages or is entitled to any damages or other relief whatsoever.

49.    Evidence reflecting the precise number of overtime hours worked by Plaintiff is in the possession of Defendant in some manner or form. If these records are unavailable, Plaintiff may establish the hours he worked solely by his testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

**ANSWER:**  Defendant is not required to respond to the allegations in Paragraph 49 that constitute the opinions and legal conclusions of Plaintiff.   To the extent a response is required Defendant denies Plaintiff is entitled to receive overtime pay. Defendant denies all remaining allegations in in Paragraph 49 of the Complaint.

50.    As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with Sections 207 and 216(b) of the FLSA.

**ANSWER:** Defendant denies the allegations in Paragraph 50 of the Complaint and further denies that Plaintiff is entitled to any damages or other relief whatsoever.

51.    Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

**ANSWER:** Defendant denies the allegations in Paragraph 51 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies each and every allegation contained in the "WHEREFORE" paragraph, and further deny that Plaintiff is entitled to any damages or other relief whatsoever.

## GENERAL DENIAL

Defendant denies all allegations of the Complaint that are not specifically admitted above.

## DENIAL OF HEADINGS

Defendant has restated in this Answer the headings as they appear in the Complaint. To the extent the headings proport to assert any factual allegations or legal conclusions, they are denied in their entirety.

## AFFIRMATIVE DEFENSES

Defendant asserts the following separate defenses, without assuming any burdens of production, persuasion, or proof that, pursuant to law, otherwise rest with Plaintiff:

### FIRST AFFIRMATIVE  DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred in whole or in part by applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any acts or omissions of Defendant were at all times legal and authorized by law.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because in doing the things alleged in the Complaint, Defendant acted in reliance on misrepresentations by Plaintiff, including but not limited to misrepresentations regarding hours worked.

### SEVENTH AFFIRMATIVE DEFENSE

Certain amounts sought to be recovered in this action are subject to an offset and/or set-off and/or recoupment and, therefore, barred in whole or in part.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has been paid and/or received all wages and/or compensation due to him by virtue of his employment.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff was paid for all hours worked as required by state and federal law.

### TENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff lacks standing to assert any purported cause of action against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant never misclassified Plaintiff under state or federal wage and hour laws.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant never failed to pay Plaintiff overtime as required by state and federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred in whole or in part because overtime compensation requirements did not apply to Plaintiff for the relevant time period because he fell within the exemptions and exclusions under state and federal wage and hour law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant denies that it violated any state or federal laws or damaged Plaintiff and denies that Plaintiff is entitled to any damages in this case. Nonetheless, to the extent Plaintiff may be entitled to damages, those damages must be reduced because of his failure to mitigate some or all of his damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

In the event that Defendant discovers any after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant would be barred by the doctrine of after-acquired evidence.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and assert any additional defenses that may arise during the course of additional investigation and discovery.

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that the Court enter judgment in favor of Defendant dismiss all claims against Defendant with prejudice, award Defendant its costs and reasonable attorneys' fees, and allow Defendant such other and further relief as the Court may deem just and proper.

Dated this 25th day of March 2025.    Respectfully submitted,

*/s/ Daniel C. Johnson*
Daniel C. Johnson
Florida Bar No. 522880
Carlton Fields, P.A.
200 S. Orange Ave., Suite. 1000
Orlando, Florida 32801-3456
Tel. No.: (407) 244-8237
Fax No:  (407) 648-9099
djohnson@carltonfields.com

Denise E. Giraudo (*pro hac vice* forthcoming)
Christopher R. Williams  (*pro hac vice* forthcoming)
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
2099 Pennsylvania Avenue, NW, Suite 100
Washington, D.C.  20006-6801
Telephone: (202) 747-1906
Facsimile:  (202) 747-3933
dgiraudo@sheppardmullin.com
cwilliams@sheppardmullin.com


*Counsel for Defendant*

-20-